Ochoa v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-07-096-CR

         2-07-097-CR

         2-07-098-CR

DAMON OCHOA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On December 1, 2006, appellant pled guilty to delivery of a controlled substance, methamphetamine, of four or more, but less than 200, grams; delivery of a controlled substance, methamphetamine, of 400 grams or more; and to being a felon in possession of a firearm.  In accordance with appellant’s plea bargains, the trial court sentenced him to twenty years’ confinement on the first delivery charge,  twenty-five years’ confinement plus a $1 fine on the second delivery charge, and fifteen years’ confinement on the felon in possession of a firearm charge, all to be served concurrently.  Appellant did not file any motions for new trial.  On March 29, 2007, he filed a pro se notice of appeal from his convictions.

On April 2, 2007, we sent appellant a letter explaining our concern that we lacked jurisdiction over the appeals because, among other things, the notice of appeal was not timely filed.  We also informed appellant that the appeals would be dismissed for want of jurisdiction unless he or any party desiring to continue the appeals filed, on or before April 12, 2007, a response showing grounds for continuing the appeals. 
 See
 
Tex. R. App. P.
 44.3.  Appellant timely filed a response, but it does not show grounds for continuing the appeals.

Appellant’s notice of appeal was due on or before January 2, 2007.  
See
 
Tex. R. App. P.
 4.1(a), 26.2(a)(1).  Because appellant did not timely file a notice of appeal, we do not have jurisdiction over these appeals. 
 
See Slaton v. State
, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998)
; 
Olivo v. State,
 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

Accordingly, we dismiss the appeals for want of jurisdiction.
(footnote: 2) 
 
See
 
Tex. R. App. P.
 43.2(f).

PER CURIAM

PANEL D:  LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: May 10, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Dismissal is also appropriate because the trial court’s certification of appeal in all three cases 
states that each case “is a plea-bargain case, and the defendant has NO right of appeal.”
  
See
 
Tex. R. App. P.
 25.2(a)(2), 43.2(f); 
Cooper v. State
, 45 S.W.3d 77, 81 (Tex. Crim. App. 2001).